1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFF HANCOCK,

11              Plaintiff,              No. CIV S 06-2724 GEB EFB P

12        vs.

13   ANDREW POMAZAL, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  <u>See</u> 42

17   U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).  This

18   proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20        Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff

21   must make monthly payments of 20 percent of the preceding month's income credited to his trust

22   account. *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward

23   payments from plaintiff's account to the Clerk of the Court each time the amount in the account

24   exceeds $10 until the filing fee is paid.

25        The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

26   screening, finds that it states a cognizable claim against defendants Doctors G. Starcevich and

Wong for deliberate indifference to plaintiff's serious medical needs.  *See* 28 U.S.C. § 1915A.

The complaint does not state a cognizable claim against defendant Dr. Andrew Pomazal. Neither does it state a claim against Dr. Richard Sandham or against Dr. G. Starcevich in his supervisory capacity.

Plaintiff may proceed forthwith to serve defendants Dr. G. Starcevich and Dr. S. Wong for deliberate indifference to his serious medical needs and pursue his claims against only those defendants, or he may delay serving any defendant and attempt to correct the complaint's deficiencies with respect to his claims against defendants Doctors Pomazal, Stercevich and Sandham.

If plaintiff elects to attempt to amend his complaint to state a claim against defendant Pomazal and to state a claim against defendants Starcevich and Sandham in their supervisory capacity,  he has 30 days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Starcevich and Wong, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will recommend that plaintiff's claim against defendant Pomazal and his claims against defendants Starcevich and Wong in their supervisory capacity be dismissed for failure to state a claim.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Therefore, a prisoner who claims that defendants provided constitutionally inadequate medical care must allege acts or omissions evidencing that identified defendants knew of and disregarded plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Neither negligence on the part of defendants nor plaintiff's general disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*,  838 F.2d 390, 394 (9th Cir.

1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).  A supervisor is liable for

constitutional violations of his subordinates if he participated in or directed the violations, or

knew of the violations and failed to act to prevent them, *Taylor v. List,* 880 F.2d 1040, 1045 (9th

Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of

constitutional rights and is the moving force of the constitutional violation, *Hansen v.  Black*,

885 F.2d 642, 646 (9th Cir.1989).

    With respect to defendant Dr. Pomazal, plaintiff alleges that this doctor knew that

chiropractic manipulations which he was to perform on plaintiff posed a substantial risk of

serious harm to plaintiff, but he failed to take reasonable measures to protect plaintiff from this

risk by properly preparing or warning plaintiff.  Liberally construed, plaintiff asserts that Dr.

Pomazal knew that the manipulation he was to perform was risky, and he failed adequately to

prepare plaintiff for it.  Prison medical staff may exhibit deliberate indifference in the way in

which they provide medical care. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.

1988).  However, that a chiropractor omits properly to prepare for a procedure known to be risky

does not amount to deliberate indifference.  Nothing about plaintiff's allegations suggest that Dr.

Pomazal was more than negligent.  Therefore, plaintiff fails to state a claim against this

defendant.

    Plaintiff alleges that Dr. Stracevich was aware that Dr. Pomazal used chiropractic

techniques and allowed him to use them.  He alleges that Dr. Richard Sandham, as Chief

Medical Officer, "failed to properly supervise, direct, and train the medical staff in the delivery

of health care services."  Complaint at unnumbered page 6.  The allegations against these

defendants are insufficient to confer supervisory liability based on the standard articulated

above.

    The court (and defendant) should be able to read and understand plaintiff's pleading

within minutes.  *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many

defendants with unexplained, tenuous or implausible connection to the alleged constitutional

injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *Cal. Code Regs.* tit.15, § 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants

Doctors Starcevich and Wong.

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed *in forma pauperis* is granted.

2.  Plaintiff is must pay the statutory filing fee of $350 for this action.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Claims against Doctors Pomazal and Sandham, and against Doctor Starcevich in his supervisory capacity are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4.  The allegations in the pleading are sufficient at least to state cognizable claims against defendants S. Wong and G. Starcevich for deliberate indifference to plaintiff's serious medical needs.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading (with any and all attachments) filed December 4, 2006, two USM-285 forms and instructions for service of process on defendants S. Wong and G. Starcevich.  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the endorsed December 4, 2006, complaint (with any and all attachments).  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants S. Wong and G. Starcevich will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will recommend that his defective claims against defendants Andrew Pomazal, Richard Sandham and G. Starcevich be dismissed for failure to state a claim.

Dated:   March 12, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF HANCOCK,

   Plaintiff,     No. CIV S-06-2724 GEB EFB P

 vs.

ANDREW POMAZAL, et al.,

   Defendants.   <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

   Plaintiff hereby submits the following documents in compliance with the court's order

filed _____:

    <u> 1 </u>   completed summons form

    <u> 2 </u>   completed forms USM-285

    <u> 3 </u>   copies of the <u> December 4, 2006 </u>
                  Complaint

Dated:

          _____
               Plaintiff