IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF HANCOCK,

      Plaintiff,                    No. CIV S-06-2724 GEB EFB P

      vs.

A. POMAZAL, et al.,

      Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a prisoner without counsel prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      On March 13, 2007, the court found plaintiff failed to state a claim against some defendants and gave plaintiff the option of pursuing claims against defendants Doctors Wong and Starcevich, against whom the court found plaintiff stated a claim, or filing an amended complaint to attempt to correct the deficiencies in his complaint. On April 6, 2007, plaintiff filed a first amended complaint.

      The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it fails to state a claim for relief.

////

1    Plaintiff alleges that despite having been trained to take precautionary measures before
2 making chiropractic adjustments, defendant Dr. Andrew Pomazal attempted such an adjustment
3 without taking those measure, thereby breaching a duty of care.  Plaintiff alleges that he is
4 permanently mobility impaired as a result of Pomazal's adjustment.  He also alleges that
5 defendant Chief Medical Officer G. Starcevich knew of Pomazal's use of chiropractic
6 adjustment, knew of the inherent dangers of chiropractic techniques but, did nothing to prevent
7 their use.  He also alleges that Drs. Starcevich and Wong housed him with the general population
8 in the gymnasium even though they knew plaintiff required surgery for his injury and that he was
9 susceptible to further injury.  Plaintiff alleges no injury as a result.  To state a claim under 42
10 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured
11 to him by the Constitution or laws of the United States while acting under color of state law.
12 *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  To state a claim defendants provided constitutionally
13 inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants
14 knew of and disregarded plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106
15 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Neither negligence on the part of
16 defendants nor plaintiff's general disagreement with the treatment he received suffices to state a
17 claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988);
18 *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).  A supervisor is liable for constitutional
19 violations of his subordinates if he participated in or directed the violations, or knew of the
20 violations and failed to act to prevent them, *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989),
21 or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional
22 rights and is the moving force of the constitutional violation, *Hansen v. Black*, 885 F.2d 642,
23 646 (9th Cir.1989).  None of plaintiff's allegations satisfy these standards.
24    The court acknowledges that the March 13, 2007, order found that plaintiff stated a claim
25 based on Doctors Wong and Starcevich housing plaintiff in the gymnasium even though they
26 knew that plaintiff was highly susceptible to further injury.  However, that conclusion is

undermined by the allegations asserted in plaintiff's newly amended complaint.  The original complaint alleged that the housing decision proximately caused plaintiff's injury.  Thus, the court, construing the complaint in the light most favorable to plaintiff, inferred an allegation of injury from this housing decision such that plaintiff might withstand a motion to dismiss. The amended complaint does not allege any injury resulting from the housing decision. Therefore, this action must be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 29, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE